IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA GRIFFIN and TONY PARSONS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.    18 cv 5755 |
| | ) | |
| SAFEGUARD PROPERTIES MANAGEMENT, INC. and ALLY BANK, | ) | Honorable Matthew F. Kennelly |
| | ) | |
| | ) | Magistrate Judge Young B. Kim |
| Defendants. | ) | |

**DEFENDANT SAFEGUARD PROPERTIES MANAGEMENT, INC.'S
MOTION TO DISMISS COUNTS I AND X PURSUANT TO RULE 12(b)(6)**

Now comes Defendant, Safeguard Properties Management, LLC ("Safeguard"), in support of its Motion to Dismiss Counts I and X of Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6), and states as follows:

**INTRODUCTION**

1.    Plaintiffs Laura Griffin and Tony Parsons (collectively "Plaintiffs") have filed a ten-count Amended Complaint (Dkt. #7) against Safeguard and co-defendant Ally Bank, with the following counts directed against Safeguard as follows: Count I (Violation of the Illinois Consumer Fraud and Deceptive Practices Act); Count II (Trespass to Real Property and Chattels); Count III (Conversion); Count IV (Invasion of Privacy); Count VIII (Fraudulent Misrepresentation); Count IX (Civil Conspiracy); and Count X (Violation of the Fair Debt Collection Practices Act).

2.    This motion to dismiss is directed solely to Count I, seeking relief under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") and Count X, seeking relief under the Fair Debt Collection Practices Act ("FDCPA")

1

3. For the reasons set forth below, Plaintiffs' claims with respect to Count I and Count X must be dismissed with prejudice, as they fail to state a claim against Safeguard.

## LEGAL STANDARD

4. When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences from them in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). However, a complaint must "give the defendant fair notice of what the…claim is and the grounds upon which it rests" and must set forth facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). A court is not obliged to accept as true conclusory statements of law or unsupported conclusions of fact. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### I. PLAINTIFFS ARE NOT "CONSUMERS" WITH RESPECT TO SAFEGUARD AS DEFINED BY THE ICFA.

#### a. Count I of the amended complaint contains insufficient allegations supporting plaintiffs' claims that they are "consumers" as defined by the statute.

The ICFA is intended to "protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Batson v. Live Nation Entertainment, Inc.* 746 F.3d 827, 830 (7th Cir. 2014). The ICFA defines "consumer" as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that for a member of his household." 815 ILCS 505/1(e). The ICFA further defines "trade" and "commerce" as "the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever

situated……" 815 ILCS 505/1(f). *Fressola v. Safeguard Properties*, 2017 U.S. Dist. LEXIS 125237 at 12,13 (N.D. Ill. 2017).

Presumably, plaintiffs' allegations to support that they are "consumers" as defined by the ICFA are contained in ¶¶ 72-81 of the Amended Complaint. (Dkt. #7). Analyzing these allegations finds that they clearly do not support this requirement, and in fact, allege that <u>defendants</u> are each a "consumer" and "person" as defined by the ICFA, and not the plaintiffs. (Dkt. #7, ¶¶ 75-76). Moreover, these allegations, and nothing further alleged in Count I, shows that they purchased any merchandise or services or contracted with Safeguard in any manner to qualify as "consumers" under the ICFA.

Consequently, the plaintiffs do not qualify as "consumers", nor do they establish any business or contractual relationship between them and Safeguard, and accordingly Count I of the amended complaint against Safeguard must be dismissed. <u>See,</u> *McKenney-Becker v. Safeguard Properties, LLC*, 2015 WL 170520 at *8 (N.D. Ill. Jan. 2015); *Fressola v. Safeguard Properties, LLC*, 2017 U.S. Dist. Lexis 125237 (N.D. Ill. Aug. 2, 2017).

> **b. Plaintiffs reliance on the Illinois Mortgage Foreclosure Law ("IMFL") to attempt to state a claim against Safeguard under the ICFA is misplaced.**

To state a claim under the ICFA, a plaintiff must allege: (1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff relies on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during the course of conduct involving trade or commerce. Additionally, a private cause of action under the ICFA requires a showing of proximate causation. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012).

3

Plaintiffs' reliance on the Illinois Mortgage Foreclosure Law ("IMFL") with respect to its ICFA claim is misplaced because the IMFL only governs the actions of mortgagors, mortgagees, and other lien claimants – but not property preservation companies such as Safeguard. 735 ILCS 5/15-1101 *et seq.* As such, Plaintiffs' repeated references to the IMFL to attempt to state a claim against Safeguard under the ICFA is merely a smokescreen designed to conflate their action against Safeguard with their action against Ally. Safeguard was never a party to Plaintiffs' mortgage and Count I is devoid of any allegations that it entered into an agreement or received any payments from Plaintiffs.

Moreover, Plaintiffs mistakenly assert that Illinois mortgage foreclosure laws prohibit certain preservation services, such as entering a property or changing locks, without a court order. Plaintiffs further contend that Safeguard illegally entered the subject property without a court order and changed the locks in order to "intimidate Plaintiffs into abandoning their rights to the subject property." (Dkt. #7, ¶11).

The Illinois Supreme Court rejected these same arguments in *Schweihs v. Chase Home Finance, LLC*, 2016 IL 120041, 77 N.E.3d 50 (2016). There, the plaintiff cited 735 ILCS 5/15-1701 to argue that, under Illinois foreclosure law, a mortgagee is not entitled to possession of a mortgagor's home without a court order. 2016 IL 120041, ¶ 43. The Illinois Supreme Court determined that this statute, as well as other Illinois foreclosure statutes, did not apply to Safeguard's actions, as a property preservation company. *Id.* at ¶ 57. Moreover, the *Schweihs* court noted that securing a property for entrance for repairs is not the equivalent of taking possession of the property for residential purposes. *Id.* As the court in *Schweihs* further explained:

> There is a substantial difference between the right to possession for residential purposes, which these statutes address, and the contractual right

>to enter to make repairs. Contrary to plaintiff's argument that defendants had no legal justification for their entry into the property, plaintiff signed a note with the mortgage that contained a provision designated protection of lender's rights in the property, which allowed Chase to enter the property to make repairs if the plaintiff fell into default.

*Id.*

Plaintiffs here admit that the Plaintiff-mortgagor "fell behind on her payments…and defaulted." (Dkt. #7, ¶ 35). Accordingly, once a property is in default, then the terms of the mortgage between Plaintiffs and Ally (or any successor entity) control, and the *Schweihs* court clearly held that any actions of Safeguard could not be subject to the IMFL, and accordingly, the plaintiffs were not able to sustain an action under the ICFA.

Moreover, plaintiffs, apparently acknowledging that they did not engage in any business or contractual transaction with Safeguard, attempt in ¶¶ 79-81 to allege that Safeguard's actions, (although it had contracted with Ally and not plaintiffs), somehow was conduct "in trade or commerce" to attempt to collect amounts alleged to owed under the subject mortgage. (Dkt. #7).

As identified above, these allegations are not sufficient to support a claim under the ICFA because nowhere in these allegations, or anywhere in Count 1, are any facts which show a payment by either plaintiff to Safeguard, a contract between the parties, or any other business transaction. *See, McKenney-Becker*, 2015 L 170520 at *8 (dismissing plaintiff's ICFA claim for failure to establish a consumer relationship between the plaintiffs and the defendants).

Consequently, Plaintiffs' attempts to state a claim for a violation of the Illinois Consumer Fraud Act at Count I based on purported violations of the IMFL are not viable, and Count I against Safeguard should be dismissed for these reasons, as well as those stated above.

### II. COUNT X MUST BE DISMISSED BECAUSE SAFEGUARD IS NOT A DEBT COLLECTOR AS DEFINED BY THE FDCPA BASED ON THE ALLEGATIONS OF THE AMENDED COMPLAINT.

Count X of the Amended Complaint makes a multitude of allegations against Safeguard, some factual, and some stating legal conclusions, in an attempt to allege that Safeguard was a debt collector subject to the Fair Debt Collection Practices Act (FDCPA) when it purportedly interacted with the plaintiff in this matter. However, in looking at all the allegations contained therein, plaintiffs simply cannot sustain a cause of action under the FDCPA against Safeguard.

For guidance on these issues, two recent opinions are instructive. First, in *Schlaf v. Safeguard Property, Inc.*, 899 F.3d 459 (7th Cir. 2018), the Seventh Circuit considered the allegations of the plaintiffs against Safeguard and whether Safeguard was a debt collector under the FDCPA when it left a door hanger on their residence instructing them to contact their loan company if they were still occupying the residence. The court analyzed the requirements of the FDCPA, and affirmed the district court's finding that Safeguard was not a debt collector under the FDCPA under these circumstances.

In coming to this conclusion, the court looked at the plain language of the statute to determine that it defined a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. §1692a(6). The court further recognized two categories of debt collectors: (1) those whose "principal purpose…is the collection of any debts," and (2) those who regularly collect{} or attempt{} to collect, directly or indirectly debts owed or due or asserted to be owed or due another. 833 F.3d at 466; citing to *McCready v. eBay, Inc.* 453 F.3d 882, 888-89 (7th Cir. 2006).

A fair reading of plaintiffs' allegations here reveal that they are mere legal conclusions that Safeguard is a "debt collector." (Dkt. #7, ¶3, ¶17-29). For example, Plaintiffs allege,

6

"Safeguard's principal purpose is therefore the enforcement of security interests." (Dkt. #7, ¶ 3, ¶ 20*).* Because this allegation merely parrots the statutory language of the claim that plaintiffs are pleading, it is not sufficient, without more, to save Plaintiff's FDCPA claim. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). Moreover, Plaintiffs do not allege any facts to support these legal conclusions. See, *Jeffries v. Wells Fargo Bank, NA*, No. 1–cv–5889, 2011 WL 5023396, at *5 (N.D.Ill. Oct. 19, 2011) (finding plaintiff's allegations that "all defendants are debt collectors" to be conclusory) and *Evan Law Grp. LLC, Taylor*, 2010 WL 5135904, at *2 (N.D.Ill. Dec. 9, 2009) (quoting *Twombly*, 550 U.S. at 555) ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation").

Plaintiffs appear to be alleging that Safeguard's principal purpose is the enforcement of security interests because Safeguard "offers a variety of services to secure, preserve and manage property on behalf of mortgage lenders and others in the foreclosure industry"……….that it advertises itself as a "resource for multiple aspects of default property preservation"…..and that "Securing, preserving, and managing such property is done to enforce security interests, namely consumer mortgages in default or in foreclosure proceedings." (Dkt. #7 ¶ 3, ¶17-20). However, Plaintiffs make no allegations anywhere in the Amended Complaint that Safeguard sent then anything in the mail or contacted then via telephone or used any other "instrumentality of interstate commerce" in performance of any purported activities on the subject property, which is required to support a finding that Safeguard is a debt collector under the FDCPA. *Hunte v. Safeguard Properties Management, LLC*, 2017 WL 5891060 at *5 (N.D. Ill.) (Nov. 27, 2017).

The court in *Hunte* considered very similar allegations to those alleged here, and dismissed the plaintiff's attempt to state a claim under the FDCPA against Safeguard because the complaint did not "….allege anything giving rise to a reasonable inference that Safeguard accomplishes

7

that purpose through "any instrumentality of interstate commerce or the mails." 15 U.S.C. §1692a(6). *Hunte*, at *5.

The substantive allegations in the Amended Complaint (Dkt.#7) are that Safeguard placed a sign on the property stating it was "vacant/abandoned"; (¶ 39) improperly put locks on the subject property, (¶ 40); placed a handwritten note on the front door instructing them to remove personal property (¶¶ 47-51), and that it entered the property and cut utility service and removed personal items. While these allegations could properly support claims for other causes of action against Safeguard (as alleged in the Amended Complaint), they do not support a claim under the FDCPA as there are no allegations which state that during the furtherance of any of these activities, Safeguard use any instrumentality of interstate commerce to attempt to collect a debt or enforce a security interest.

Because Plaintiffs fail to allege any facts showing Safeguard used any instrumentality of interstate commerce to attempt to collect any debt or enforce any security interest, Count X must be dismissed for these reasons as well as those stated above, as it is not a "debt collector" as defined by the FDCPA.

## CONCLUSION

WHEREFORE, Defendant, Safeguard Properties Management, LLC, respectfully requests that this Honorable Court grant its Motion to Dismiss Counts I and X of Plaintiffs' Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and for such other and further relief as the Court deems just.

                                              Respectfully submitted,

                                              s/ Panos T. Topalis
                                              Panos T. Topalis – ARDC #6202025
                                              Justyna M. Kruk - ARDC #6316996
                                              Tribler Orpett & Meyer, P.C.
                                              225 W. Washington Street, Suite 2550
                                              Chicago, IL 60606
                                              (312) 201-6400
                                              pttopalis@tribler.com
                                              jmkruk@tribler.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Safeguard Properties Management, Inc.'s motion for extension of time to file a responsive pleading was served upon:

**Attorneys for Plaintiff**
Mr. Daniel Brown
Main Street Attorney, LLC
P.O. Box 247
Chicago, IL 60690
(773) 453-7410
daniel@mainstreetattorney.com

Mr. Michael Wood
Ms. Celetha Chatman
Community Lawyer Group, Ltd.
73 W. Monroe Street, Suite 514
Chicago, IL 60603
(312) 757-1880
mwood@communictylawyersgroup.com
cchatman@communitylawyersgroup.com

**Attorneys for Ally Bank**
Ms. Lindsey Conley
Mr. David M. Schultz
Mr. Joseph Kern
Hinshaw & Culbertson, LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
(312) 704-3000
lconley@hinshawlaw.com
dschultz@hinshawlaw.com
jkern@hinshawlaw.com

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on the 30th day of November, 2018, with proper postage prepaid.

s/ Panos T. Topalis
an Attorney