IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAURA GRIFFIN and TONY PARSONS, )
             ) Case No. 18-cv-05755
   Plaintiffs,     )
             ) Judge: Matthew F. Kennelly
v.            )
             ) Magistrate Judge: Young B. Kim
SAFEGUARD PROPERTIES   )
MANAGEMENT, LLC and ALLY BANK, )
             )
   Defendants.    )

## DEFENDANT ALLY BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Ally Bank ("Defendant"), through its counsel, David M. Schultz and Joseph D. Kern, respond to Plaintiffs Laura Griffin and Tony Parsons' Amended Complaint as follows:

### NATURE OF THE CASE

1. Griffin bought a home for herself and later rented it to Parsons. The home was collateral for a mortgage loan that Griffin owed to Ally. When Griffin defaulted on the mortgage, Ally hired Safeguard to "preserve" the property while Ally proceeded with foreclosure.

**ANSWER:** **Defendant admits the subject property (the "Property") was collateral for a mortgage loan of which Ally was the assignee of the subject mortgage (the "Mortgage") until Griffin sold the Property. Defendant denies it hired Safeguard to preserve the Property. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph and denies those allegations on that basis.**

2. Even though Parsons, Griffin's tenant, occupied the property as his primary residence, Safeguard treated the property like it was vacant. Safeguard broke in, changed the locks, cut the utilities, and tampered with, destroyed, and removed Plaintiffs' personal belongings from the property.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

302800446v1 1014704

3.     After the first break-in, Griffin's foreclosure attorney sent a cease and desist letter to Safeguard, explaining that the property was occupied and that Safeguard was not permitted to enter onto the property.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

4.     Safeguard ignored the cease and desist letter and broke into the property again. Safeguard once again changed the locks, cut the utilities, and tampered with, destroyed, and removed Plaintiffs' personal belongings from the property.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

5.     Safeguard representatives also physically intimidated and harassed Parsons in person in an effort to scare him into abandoning the property.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

6.     Parsons was forced to move out for fear of his personal safety and to ensure that his personal property would not be further tampered with or removed from the property.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction because Plaintiffs' claims arise, in part, under the FDCPA.  The Court thus has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

**ANSWER:     The allegations in the above paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies Plaintiffs have a valid FDCPA.  Defendant thus denies the allegations in the above paragraph.**

2

8.     Diversity jurisdiction is also conferred upon this Court by 28 U.S.C. § 1332, as (a) the matter in controversy exceeds $75,000, exclusive of interest and costs, (b) Plaintiffs are both citizens of Illinois, and (c) upon information and belief, Defendants are not citizens of Illinois.

**ANSWER:     The allegations in the above paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits it is not a citizen of Illinois for purposes of diversity jurisdiction.  Defendant also admits that Plaintiffs seek more than $75,000 in damages but denies it caused them any damages, denies that they suffered any damages, and denies that they are entitled to any damages. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph and denies those allegations on that basis.**

9.     Venue is proper in this District under 28 U.S.C. § 1391, as the events complained of occurred in this District.

**ANSWER:     Defendant does not contest venue.**

## PARTIES

10.     Griffin is a resident of Illinois from whom Safeguard attempted to collect a consumer debt allegedly owed for a defaulted consumer mortgage account (the "subject mortgage") secured by the single-family home located at 5713 North Austin Avenue, Chicago, Illinois (the "subject property").

**ANSWER:     Defendant admits it was the assignee of the Mortgage until Griffin sold the Property and that Griffin default on the subject loan (the "Loan"). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph and denies them on that basis.**

11.     Parsons is a resident of Illinois. He occupied the subject property as his primary residence until he was forced to leave the property by Defendants in connection with Defendants' attempts to collect the subject mortgage.

**ANSWER:     Defendant denies it actions or conduct forced Parson to "leave the property."  Defendant lacks knowledge or information sufficient to form a belief as to the**

3

**truth of the remaining allegations in the above paragraph and denies those allegations on**

**that basis.**

12.     Ally is a national bank with its principal place of business in Utah.

**ANSWER:     Defendant admits the allegations in the above paragraph.**

13.     Ally conducts business in Illinois.

**ANSWER:     Defendant admits the allegations in the above paragraph.**

14.     Safeguard is a Delaware limited liability company with its principal place of business in Ohio.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations in the above paragraph and denies them on that basis.**

15.     Safeguard conducts business in Illinois.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations in the above paragraph and denies them on that basis.**

16.     Safeguard operates in all 50 States, Puerto Rico, and the Virgin Islands, and uses the mails and telephone to communicate with clients and vendors. Specifically, Safeguard lists an 800 number and two mailing addresses on its website and encourages client and vendor inquiries through the mails and telephone.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations in the above paragraph and denies them on that basis.**

17.     Safeguard offers a variety of services to secure, preserve, and manage property on behalf of mortgage lenders and others in the foreclosure industry. Nearly all of that property is collateral for consumer mortgages that are in default or in foreclosure.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations in the above paragraph and denies them on that basis.**

18.     Safeguard specifically advertises itself as a "resource for multiple aspects of default property preservation."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

19.    Securing, preserving, and managing such property is done to enforce security interests, namely, consumer mortgages in default or in foreclosure proceedings. *Fressola v. Safeguard Properties, LLC,* No. 16-cv-11055 (N.D. Ill. Aug. 2, 2017).

**ANSWER:** **Defendant denies the allegations in the above paragraph except to state that *Fressola v. Safeguard Properties, LLC* speaks for itself and is the best evidence of its contents. Defendant denies any allegations that vary from or contradict its contents.**

20.    Safeguard's principal purpose is the enforcement of security interests.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

21.    Safeguard also advertises other field services that it provides to its clients, and among these services are communicating with delinquent borrowers on behalf of mortgage companies, contacting mortgagors to request that they call mortgage companies, and reporting back to mortgage companies about whether it has made contact with mortgagors and regarding the condition of mortgaged properties.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

22.    Safeguard regularly communicates with defaulted mortgage holders on behalf of lenders to encourage them to contact the property owner to settle the debt (e.g. by agreeing to a 'short sale' pre-foreclosure).

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

23.    For example, Safeguard drafts and leaves 'door hangers' on property that contain the name of the lender, the lender's phone number, and instructs the property owner to have their "account number ready" and "we are expecting your call today."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

24.     Safeguard also offers a 'cash for keys' service where Safeguard negotiates with the mortgagor on behalf of the mortgagee (i.e. a bank) to vacate the property in exchange for cash.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

25.     Safeguard also offers eviction services.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

26.     Safeguard uses the mail and telephone in conducting these operations.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

27.     Winterizing a non-vacant home, shutting off utilities, changing the locks, and removing personal property renders homes uninhabitable.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

28.     These actions encourage, coerce, or force people to vacate their homes and make settlement arrangements with the mortgage company or servicer.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

29.     Therefore, Safeguard regularly attempts to collect directly, or indirectly, debts owed or due or asserted to be owed or due another.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

302800446v1 1014704

## FACTS SUPPORTING CAUSES OF ACTION

**A. The subject mortgage and Griffin's default**

30.     Griffin owns the subject property, and she has been the owner at all times relevant to this complaint.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

31.     Griffin took out the subject mortgage from Ally (or, as applicable, its predecessor in interest).

**ANSWER:     Defendant did not originate the Loan.  The subject note identifies HSBC Mortgage Corporation as the originating lender.  Defendant was the assignee of the Mortgage until Griffin sold the Property.**

32.     Griffin originally purchased the subject property for use as her personal residence.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

33.     The subject mortgage was taken out by Griffin primarily for personal, family, and/or household purposes.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

34.     Griffin later leased the subject property to Parsons, who used it for his personal residence.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

35.     Griffin fell behind on her payments on the subject mortgage and defaulted.

**ANSWER:     Defendant admits the allegations in the above paragraph.**

302800446v1 1014704

**B. The first break-in**

36.    After default, Ally retained Safeguard for assistance with collecting the subject mortgage.

**ANSWER:    Defendant denies the allegations in the above paragraph.**

37.    At all times relevant hereto, Defendants did not have permission to enter the subject property for any reason whatsoever.

**ANSWER:    Defendant denies the allegations in the above paragraph.**

38.    Plaintiffs have never given any permission to Defendants to enter the subject property.

**ANSWER:    Defendant denies the allegations in the above paragraph.**

39.    On August 23, 2017, Safeguard placed a sign on the subject property alleging the subject property "to be vacant/abandoned."

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

40.    That same day, Safeguard also placed a locking device on the door to the subject property that prevented both Griffin and Parsons from entering the subject property.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

41.    Plaintiffs were scared and confused by the sign placed on the subject property and by being locked out, as Parsons continued to occupy the subject property as his primary residence.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

42.    Griffin immediately contacted her foreclosure attorneys, Robson & Lopez LLC, regarding the sign that Safeguard had placed on the subject property.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

302800446v1 1014704

43.    On August 24, 2017, Griffin's attorneys sent a cease and desist letter to Safeguard.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

44.    In the letter, Griffin's attorneys informed Safeguard that the subject property was not vacant, and that it was occupied by Griffin's tenant.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

45.    Griffin's attorneys also demanded that Safeguard cease and desist all actions to take possession of the subject property and immediately remove the signs and the lock that Safeguard had placed on the subject property.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

**C.  The second break-in**

46.    On August 28, 2017 Parsons found a handwritten note on the front door of the subject property, which demanded that Plaintiffs remove personal property from and vacate the subject property.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

47.    Parsons also discovered that Safeguard had cut utility service to the subject property.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

48.    Parsons informed Griffin of the note and the cessation of utility service.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

302800446v1 1014704

49.     Griffin was forced to call the police to ensure the safety of Parsons and to ensure her and Parsons' access to the subject property.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

50.     On August 28, 2017, Griffin's attorneys sent an email to Safeguard once again demanding that they cease their efforts to dispossess Plaintiffs of the subject property, including restarting utility services.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

51.     When Safeguard's representatives entered onto the subject property, they tampered with, stole, and destroyed Plaintiffs' personal property located in or on the subject property.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

52.     Safeguard's representatives also physically confronted and intimidated Parsons in person on several occasions.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

53.     Parsons was forced to move out of the subject property for fear of his personal safety and to protect his personal belongings.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

**D.  Relevant law and the prohibition against self-help**

54.     Illinois law requires a court order to obtain a transfer of possession of residential property.  Illinois law prohibits forcible entries and reclaiming property without judicial process and a court order.

**ANSWER:     The above paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations**

10

302800446v1 1014704

in the above paragraph except to state that Illinois law speaks for itself and is the best

evidence of its contents. Defendant denies any allegations that vary from or contract its

contents. Defendant also denies violating Illinois law and any liability to Plaintiffs.

55.     In Illinois, absent a court order, it is unlawful to (a) change the locks on a residential property, (b) enter another's property (internal inspection), or (c) remove personal property.

**ANSWER:**     Defendant denies the allegations in the above paragraph.

56.     Without a court order, and without consent from or even any notice to Plaintiffs, the entries by Safeguard onto the subject property and changing the locks on the subject property was an unlawful act in direct violation of (1) the Illinois Mortgage Foreclosure Law ("IMFL") (defining possessory rights and the prohibition against harassment or intimidation of occupants to abandon the property),[1] (2) the Illinois Locksmith Act (requiring a license to change locks in Illinois),[2] and (3) the Forcible Entry and Detainer Law (restricting the entering onto lands and tenements when not allowed by law and through forcible means).[3]

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in the above paragraph and denies them on that basis.

57.     In accessing the subject property, installing a locking device on the subject property, posting notices demanding that Plaintiffs vacate the subject property, and in cutting utility service to the subject property, Safeguard took non-judicial action to effect dispossession and disablement of the subject property and to collect an alleged debt owed to Ally.

**ANSWER:**     Defendant denies the allegations in the above paragraph.

58.     Ally did not have a present right to possession of the subject property at the time that Safeguard, on Ally's behalf, caused dispossession and disablement of the subject property to collect an alleged debt owed to Ally.

---

[1] 735 ILCS 5/15-1701(b) ("Prior to the entry of a judgment of foreclosure . . . [i]n the case of residential real estate, the mortgagor shall be entitled to possession of the real estate except if" the court decides to give the mortgagee possession for "good cause.").

[2] See 225 ILCS 447/10-5(a) ("It is unlawful for a person to act as or provide the functions of a . . . locksmith or to advertise or to assume to act as any one of these . . . unless licenses as such by the Department."); 225 ILCS 447-10-5(b) ("It is unlawful for a person, firm, corporation, or other legal entity to act as an agency licensed under this Act . . . unless licensed by the Department.").

[3] 735 ILCS 5/9-101

302800446v1 1014704

**ANSWER:** **Defendant denies the allegations in the above paragraph.**

59. The subject property was claimed as collateral by Ally through an enforceable security interest, namely a mortgage, at the time Safeguard caused dispossession and disablement of the subject property.

**ANSWER:** **Defendant admits it was the assignee of the Mortgage Griffin granted on the Property until Griffin sold the Property. Defendant denies any remaining allegations in the above paragraph.**

60. Safeguard, at all times relevant, knew that the subject property was neither vacant nor abandoned.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

**E. Vicarious liability of Ally for the actions of its agent, Safeguard**

61. Safeguard was hired by Ally to perform "property preservation" and other services on the subject property.

**ANSWER:** **Defendant denies the allegations in the above paragraph.**

62. Safeguard was authorized by Ally to perform such services on behalf of Ally, which Safeguard performed at the request and direction of Ally.

**ANSWER:** **Defendant denies the allegations in the above paragraph.**

63. At all times relevant to this complaint, Ally authorized, directed, and ratified Safeguard's actions taken in connection with services performed and statements made for or on behalf of Ally.

**ANSWER:** **Defendant denies the allegations in the above paragraph.**

64. Safeguard acted in a representative capacity on behalf of Ally, and acted as Ally's agent in connection with all of Safeguard's conduct related to the subject property.

**ANSWER:** **Defendant denies the allegations in the above paragraph.**

65. Upon information and belief, Ally authorized and/or directed Safeguard to: (a) break into the subject property; (b) change the locks, (c) tamper with, destroy, or remove

personal property located in or on the subject property; and (d) intimidate and harass Plaintiffs in an effort to coerce them into abandoning the subject property.

**ANSWER:**     **Defendant denies the allegations in the above paragraph.**

66.     Upon information and belief, Ally has charged Plaintiff with fees for the actions Safeguard took on Ally's behalf regarding the subject property.

**ANSWER:**     **Defendant denies the allegations in the above paragraph.**

67.     Safeguard's employees, representatives, and/or agents were acting at the control and direction of Ally, which is vicariously liable for the actions of Safeguard's employees, representatives, and/or agents.

**ANSWER:**     **Defendant denies the allegations in the above paragraph.**

68.     Ally hired Safeguard to assist in collection of the defaulted subject mortgage.

**ANSWER:**     **Defendant denies the allegations in the above paragraph.**

**F.  Damages suffered by Plaintiffs as a result of Defendants' misconduct**

69.     Plaintiffs suffered damages proximately caused by Defendants' misconduct, including but not limited to:

(i)      Damage to the subject property;

(ii)     Damage or removal of personal property;

(iii)    A temporary and permanent loss of lawful possessory rights;

(iv)     Fear of another break-in and physical harm;

(v)      Emotional distress, stress, anxiety, sleeplessness, and pain and suffering; and

(vi)     Public humiliation and embarrassment.

**ANSWER:**     **Defendant denies the allegations in the above paragraph directed towards it and denies it caused Plaintiffs any damages.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

13

302800446v1 1014704

70. Defendants' actions placed Plaintiffs in a perpetual state of fear and insecurity, depriving them of a peaceful existence.

**ANSWER:** **Defendant denies the allegations in the above paragraph directed towards it and denies it caused Plaintiffs any damages. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

### COUNT I – VIOLATIONS OF ICFA AGAINST ALL DEFENDANTS

71. Plaintiffs repeat, re-allege, and incorporate by reference all foregoing paragraphs as though fully stated herein.

**ANSWER:** **Defendant restates and incorporates by reference its answers to Paragraphs 1 through 70 of Plaintiffs' Amended Complaint for its response to Paragraph 71.**

72. Griffin contracted with Ally (or, as applicable, its predecessor in interest) for the provision of mortgage loan services for her personal use.

**ANSWER:** **Defendant denies the allegations in the above paragraph, except to admit Defendant was the assignee of the Mortgage until Griffin sold the Property.**

73. Griffin used the proceeds of the subject loan to pay for the subject property, which she initially occupied as her principal residence.

**ANSWER:** **Defendant admits that the proceeds from the Loan were to be used to fund Griffin's purchase of the Property. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph and denies those allegations on that basis.**

74. Parsons subsequently rented the subject property from Griffin for use as his principal residence.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

302800446v1 1014704

75. Defendants are thus each a "consumer" as defined under Sections 1(c) and (e) of ICFA.

**ANSWER:** **The allegation in the above paragraph is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

76. Defendants are also each a "person" as defined under Sections 1(c) and (e) of ICFA.

**ANSWER:** **The allegation in the above paragraph is a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

77. Section 2 of ICFA prohibits unfair or deceptive practices and states, in relevant part, as follows:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

**ANSWER:** **Defendant denies the allegations in the above paragraph, except to state that the ICFA speaks for itself and is the best evidence of its contents. Defendant denies any allegations that vary from or contradict its contents. Defendant also denies that it violated the ICFA.**

78. At all relevant times, Defendants were engaged in trade or commerce of loan servicing, performing property inspections, and/or providing property preservation and management services within Illinois.

**ANSWER:** **Defendant denies the allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

79. Though Safeguard sold its services to Ally, its actions vis-à-vis the subject property were still "in the conduct of any trade or commerce." *See People ex re. Daley v. Datacom Sys. Corp.,* 146 Ill. 2d 1, 29-31 (1991) (holding that debt collection services sold to the City of Chicago qualified as trade or commerce under ICFA because carrying out such services affected the people of Illinois); *see also Elder v. Coronet Ins. Co.,* 201 Ill. App. 3d 733, 750 (1st Dist. 1990) (holding that an insured could sue an adjusting company for unfair business practices in adjusting automobile claims, notwithstanding fact that adjusting company sold its services to the insurer and not the insured).

**ANSWER:** **The allegations in the above paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

80. In addition, Defendants' actions were used in an effort to collect amounts alleged to be owed under the subject mortgage.

**ANSWER:** **Defendant denies the allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

81. Specifically, Defendants' break-ins were done in a deliberate effort to bully and intimidate Plaintiffs into abandoning their rights to the subject property so that the property could be sold as collateral for the subject mortgage, with the proceeds being used to satisfy amounts alleged to be outstanding on the subject mortgage.

**ANSWER:** **Defendant denies the allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the**

16

truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.

82.     While engaged in trade or commerce, Defendants committed the unfair acts or practices set forth below.  These acts or practices were carried out without legal or factual basis, in direct contravention of Illinois law, and in violation of internal and regulatory guidelines.

**ANSWER:**     **Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

83.     It was unfair for Defendants to:

(i)     Violate the IMFL and Forcible Detainer Act by employing self-help without obtaining a court order to forcefully take possession of the subject property outside of the judicial process mandated by state law;

(ii)     Intentionally circumvent known state law foreclosure mandates, including the process for deeming residential properties abandoned under IMFL;

(iii)     Falsely claim a legal right to self-help eviction;

(iv)     Ignore written correspondence from Griffin's attorneys explaining that Parsons occupied the subject property and that Defendants had no right to entry or possession;

(v)     Ignore Defendants' demand that Defendants not enter onto the subject property;

(vi)     Break and enter onto the subject property, change the locks, and withhold possession without legal justification;

(vii)     Illegally order and perform lock changes at the subject property without a license as required by the Illinois Locksmith Act;

(viii)     Destroy, tamper with, or remove personal property located on the subject property;

(ix)     Engage in a pattern and practice of subverting the IMFL and Illinois law through self-help repossessions and evictions against consumers without a court order or judicial process; and

302800446v1 1014704

(x)     Engage in a pattern and practice of using intimidation, bullying, trickery, and false statements to encourage consumers to abandon their property rights and to evade compliance with the IMFL.

**ANSWER:** **Defendant denies the allegations in the above paragraph and sub-paragraphs directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and sub-paragraphs directed towards Safeguard and denies those allegations on that basis.**

84.     Defendants committed additional unfair acts and practices by:

(i)     Failing to adequately train, manage, or supervise vendors or subcontractors to ensure compliance with the law in the performance of property inspections and property preservation services;

(ii)    Failing to provide training with respect to the IMFL and Illinois law;

(iii)   Failing to ensure that property preservation instructions, policies, manuals, and procedures are transmitted to and reviewed by every vendor and subcontractor in the services chain; and

(iv)    Creating a system of vendors and subcontractors who are contractually required to perform preservation services that require those vendors and subcontractors to violate Illinois law.

**ANSWER:** **Defendant denies the allegations in the above paragraph and sub-paragraphs directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and sub-paragraphs directed towards Safeguard and denies those allegations on that basis.**

85.     Defendants understand that any orders to change locks, enter another's property, and damage another's property through the provision of "preservation services" without a court order authorizing such action directly contradicts the requirements of Illinois law and regulatory guidelines. Defendants' own methods ensure that operating in this manner will violate the protections afforded to consumers by Illinois law.

**ANSWER:** **Defendant denies the allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the**

18

truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.

86.     The foregoing conduct is part of a pattern and practice of behavior in which Defendants routinely engage as part of their business models. Their normal business practices are designed to disregard the law through an agreement to subvert the IMFL, ignore the possessory and ownership rights of consumers, and profit from an expedited foreclosure sale.

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

87.     Defendants' practices offend public policy, have a direct consumer nexus, affect consumers as a whole, and violate the basic possessory rights of consumers. These practices directly implicate consumer protection concerns because the conduct impacts and threatens consumers' home ownership and possessory rights and causes substantial emotional and financial harm to consumers by subverting legal protections afforded to Illinois residents.

**ANSWER:     Defendant denies the allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

88.     Further, consumers rightfully expect that businesses purporting to "preserve" residences for the benefit of the local community will not (a) ignore a consumer' statements that a residence is occupied, (b) destroy or vandalize the very property they are claiming to "preserve", (c) destroy or remove personal property located in the subject property, (d) harass or intimidate consumers.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

89.     These practices are immoral, unethical, oppressive, and unscrupulous, and demonstrate an industry-wide practice of maximizing profits by intimidating consumers, ignoring consumers' legal rights, and profiting from expedited foreclosures against consumers who give up on enforcing their rights in the face of such actions.

302800446v1 1014704

**ANSWER:**    Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.

90.     The repeated practice of breaking and entering into properties without court approval demonstrates a pattern of flouting state-mandated laws and public policies designed to protect Illinois residents generally from improper self-help evictions.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.

91.     The conduct herein would equally violate the basic possessory rights of any other consumer who has been subjected to these practices. Any residential property owner or lawful tenant who is subjected to a self-help eviction will experience a violation of her rights or suffer harm, and likely both.

**ANSWER:**    Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.

92.     Even if an entry onto property to "preserve" such property was justified, such entry becomes immoral, unethical, and unscrupulous where, as in this case, those entering onto the property destroy and vandalize such property, and destroy or remove personal belongings located within such property.  This is particularly true when those entering onto the property have been expressly told that the property is occupied and that those with a lawful interest in the property seek to move their personal belongings from the premises before losing their possessory interest therein.

**ANSWER:**    Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.

302800446v1 1014704

93.     Defendants intended that Plaintiffs rely upon their actions and to bully Plaintiffs into giving up their possessory rights so Ally could monetize the subject property sooner.

**ANSWER:     Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

94.     Safeguard placed stickers on the subject property advertising their entry onto and destruction of the subject property.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

95.     Placing these stickers was a deceptive act designed to convince Plaintiffs that Defendants' actions were lawful.  Defendants intended that Plaintiffs believe in and rely on such deception so that she would abandon her rights to the subject property and the personal property contained therein.

**ANSWER:     Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

96.     Locking Plaintiffs out of the subject property was a deceptive act designed to convince Plaintiffs that Defendants actions were lawful. Defendants intended that Plaintiffs believe in and rely on such deception so that they would abandon their rights to the subject property and the personal property contained therein.

**ANSWER:     Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

302800446v1 1014704

97.     Cutting of the utilities to the subject property was a deceptive act designed to convince Plaintiffs that Defendants actions were lawful. Defendants intended that Plaintiffs believe in and rely on such deception so that they would abandon their rights to the subject property and the personal property contained therein.

**ANSWER:    Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

98.     Plaintiffs suffered damages as a result of Defendants' misconduct, including as set forth above.

**ANSWER:    Defendant denies any allegations in the above paragraph directed towards it and specifically denies it caused Plaintiffs any damages.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

## COUNT II – TRESPASS TO REAL PROPERTY AND CHATTELS AGAINST ALL DEFENDANTS

99.     Plaintiffs repeat, re-allege, and incorporate by reference all foregoing paragraphs as though fully stated herein.

**ANSWER:    Defendant restates and incorporates by reference its answers to Paragraphs 1 through 98 of Plaintiffs' Amended Complaint for its response to Paragraph 99.**

100.     Plaintiffs had a legal right to exclusive possession of the subject property and the personal property therein.

**ANSWER:    The allegations in the above paragraph consist of legal conclusions to which no response is required.   To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

22

101.    Defendants knew that Parsons lawfully resided in the subject property.

**ANSWER:**    **Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

102.    Defendants were explicitly told that a tenant was occupying the subject property and that they were not permitted to enter onto the subject property until the foreclosure court granted an order of possession.

**ANSWER:**    **Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

103.    Defendants illegally entered onto the subject property—at least twice—without Plaintiffs' authorization or a court order, broke the locks, entered the house, cut off the utilities, and destroyed or removed personal items therein.

**ANSWER:**    **Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

104.    Defendants knew that the subject property was not abandoned.

**ANSWER:**    **Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

302800446v1 1014704

105. Defendants knew that the persona property located in the subject property was not abandoned.

**ANSWER:** **Defendant denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

106. Defendants exercised dominion and control over Plaintiffs' personal property to the restriction and exclusion of Parsons' possessory and property rights.

**ANSWER:** **Defendant denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

107. The forced entry and trespass upon the subject property interfered with Plaintiffs' possession, used, and enjoyment of their real and personal property.

**ANSWER:** **Defendant denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

108. Plaintiffs suffered damages as a result of Defendants' misconduct, including as set forth above.

**ANSWER:** **Defendant denies any allegations in the above paragraph directed towards it and specifically denies it caused Plaintiffs any damages. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

24

## COUNT III – CONVERSION AGAINST ALL DEFENDANTS

109.    Plaintiffs repeat, re-allege, and incorporate by reference all foregoing paragraphs as though fully stated herein.

**ANSWER:    Defendant restates and incorporates by reference its answers to Paragraphs 1 through 108 of Plaintiffs' Amended Complaint for its response to Paragraph 109.**

110.    Defendants entered the subject property without Plaintiffs' permission and in violation of the law.

**ANSWER:    Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

111.    Plaintiffs had personal property therein and had an absolute and unconditional right to the immediate possession of such personal property.

**ANSWER:    Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

112.    Defendants illegally seized Plaintiffs' personal property from the subject property and assumed dominion, ownership, and control over their personal property.

**ANSWER:    Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

113. Defendants unlawfully locked Plaintiffs out of the subject property and restricted their right to possession.

**ANSWER:** **Defendant denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

114. Plaintiffs demanded the return of their property. Despite their demands, Plaintiffs' property remains unlawfully possessed by Defendants.

**ANSWER:** **Defendant denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

115. Alternatively, any demand for the property is useless because the property was sold, destroyed, or otherwise disposed.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

116. Defendants have made no attempt to replace or return Plaintiffs' property or offer to pay the equivalent monetary value.

**ANSWER:** **Defendant denies that it took and/or ever possessed Plaintiffs' "property" and thus denies the allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

117. Defendants' actions were carried out recklessly with a gross disregard for Plaintiffs' rights.

302800446v1 1014704

**ANSWER:** **Defendant denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

118. Plaintiffs suffered damages as a result of Defendants' misconduct, including as set forth above.

**ANSWER:** **Defendant denies any allegations in the above paragraph directed towards it and specifically denies it caused Plaintiffs any damages. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

**COUNT IV – INVASION OF PRIVACY AGAINST ALL DEFENDANTS**

119. Plaintiffs repeat, re-allege, and incorporate by reference all foregoing paragraphs as though fully stated herein.

**ANSWER:** **Defendant restates and incorporates by reference its answers to Paragraphs 1 through 118 of Plaintiffs' Amended Complaint for its response to Paragraph 119.**

120. None of the Defendants had the legal right or authority to break into subject property, seize Plaintiffs' property, and remove or dispose of their personal property and possessions.

**ANSWER:** **Defendant denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

121. Defendants accessed Plaintiffs' private documents and belongings.

27

**ANSWER:** Defendant denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.

122. Plaintiffs were the lawful owner and occupant of the subject property and had a right to privacy therein. Plaintiffs had the right to be free from unlawful intrusion.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.

123. These actions were such that a reasonable person would find them to be a substantial and serious interference to Plaintiffs' privacy.

**ANSWER:** Defendant denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.

124. Plaintiffs suffered damages as a result of Defendants' misconduct, including as set forth above.

**ANSWER:** Defendant denies any allegations in the above paragraph directed towards it and specifically denies it caused Plaintiffs any damages. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.

## COUNT V – BREACH OF CONTRACT AGAINST ALLY

125. Plaintiffs repeat, re-allege, and incorporate by reference all foregoing paragraphs as though fully stated herein.

302800446v1 1014704

**ANSWER:** **Defendant restates and incorporates by reference its answers to Paragraphs 1 through 124 of Plaintiffs' Amended Complaint for its response to Paragraph 125.**

126.     No good or reasonable cause existed for Ally and/or its agents to enter upon the subject property or to determine that the subject property was abandoned.

**ANSWER:** **Defendant denies that it or any of it agents entered the Property and denies the allegations in the above paragraph.**

127.     Ally and/or its agents did not give any prior notice to Plaintiffs before entry upon the subject property.

**ANSWER:** **Defendant denies that it or any of it agents entered the Property and denies the allegations the above paragraph.**

128.     Ally and/or its agents' actions outlined above constitute a breach of the terms of the subject mortgage.

**ANSWER:** **Defendant denies any allegations in the above paragraph.**

129.     Parsons was a third-party beneficiary to the mortgage with respect to his possessory rights for the subject property.

**ANSWER:** **The allegations in the above paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in the above paragraph.**

130.     As a direct and proximate result of Ally's breach, Plaintiffs have suffered damages, including as set forth above.

**ANSWER:** **Defendant denies the allegation in the above paragraph.**

131.     Ally is liable to Plaintiff for reasonable attorneys' fees and costs.

**ANSWER:** **Defendant denies the allegation in the above paragraph.**

302800446v1 1014704

## COUNT VI – NEGLIGENT HIRING AGAINST ALLY

132.    Plaintiffs repeat, re-allege, and incorporate by reference all foregoing paragraphs as though fully stated herein.

**ANSWER:    Defendant restates and incorporates by reference its answers to Paragraphs 1 through 131 of Plaintiffs' Amended Complaint for its response to Paragraph 132.**

133.    A claim for negligent hiring under Illinois law arises where: (1) an employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons, (2) the unfitness was known or should have been known at the time of hiring, and (3) the unfitness proximately caused the claimed injury. *Mueller v. Community Consolidated School District 54*, 287 Ill. App. 3d 337, 341-42 (Ill. 1997).

**ANSWER:    Defendant denies the allegations in the above paragraph, except to state that Illinois law regarding negligent hiring speaks for itself and is the best evidence of its contents.  Defendant denies any allegations that vary from or contradict its contents.  Defendant also denies that it engaged in negligent hiring and denies Plaintiffs have a valid claim against it for negligent hiring.**

134.    On April 29, 2013, the Huffington Post published an article titled "Safeguard Properties Internal Documents Reveal Rampant Complaints Of Thefts, Break-Ins," available at http://www.huffingtonpost.com/2013/04/29/safeguard-properties-complaints_n_3165191.html. This report details how Safeguard routinely received complaints regarding the breaking into and destruction of properties reported as abandoned that were not in fact abandoned.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

135.    Ally knew or should have known that Safeguard routinely received complaints regarding the breaking into and destruction of properties reported as abandoned that were not in fact abandoned, and that Safeguard was thus particularly unfit for the job of determining whether the subject property was abandoned and in need of preservation services.

**ANSWER:    Defendant denies the allegations in the above paragraph.**

30

302800446v1 1014704

136.    Ally knew or should have known at the time of hiring Safeguard about Safeguard's unfitness for determining whether the subject property was abandoned and in need of preservation services.

**ANSWER:**    **Defendant denies the allegations in the above paragraph.**

137.    Safeguard's unfitness in making a false claim that the subject property was abandoned was foreseeable by Ally.

**ANSWER:**    **Defendant denies the allegations in the above paragraph.**

138.    Ally negligently hired Safeguard.

**ANSWER:**    **Defendant denies the allegations in the above paragraph.**

139.    Safeguard and/or its agents or employees claimed that the subject property was abandoned when it was in fact not abandoned.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

140.    Safeguard and/or its agents or employees had no reasonable cause to believe that the subject property was abandoned.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

141.    As a direct and proximate cause of Ally's negligent hiring of Safeguard, Plaintiffs suffered damages, including as set forth above.

**ANSWER:**    **Defendant denies the allegations in the above paragraph.**

**COUNT VII – NEGLIGENT RETENTION AGAINST ALLY**

142.    Plaintiffs repeat, re-allege, and incorporate by reference all foregoing paragraphs as though fully stated herein.

**ANSWER:**    **Defendant restates and incorporates by reference its answers to Paragraphs 1 through 141 of Plaintiffs' Amended Complaint for its response to Paragraph 142.**

302800446v1 1014704

143.    A claim for negligent retention arises under Illinois law where: (1) an employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons, (2) the employer retained the employee in her or her employment even after the employer knew or should have known about the unfitness, and (3) the unfitness proximately caused the claimed injury. *See Johnson v. Mers,* 279 Ill. App. 3d 372, 376 (Ill. 1996).

**ANSWER:    Defendant denies the allegations in the above paragraph, except to state that Illinois law regarding negligent retention speaks for itself and is the best evidence of its contents.  Defendant denies any allegations that vary from or contradict its contents. Defendant also denies that it engaged in negligent retention and denies Plaintiffs have a valid claim against it for negligent retention.**

144.    Ally knew or should have known that Safeguard routinely received complaints regarding the breaking into and destruction of properties reported as abandoned that were not in fact abandoned, and that Safeguard was thus particularly unfit for the job of determining whether the Property was abandoned and in need of preservation services.

**ANSWER:    Defendant denies the allegations in the above paragraph.**

145.    Ally kept Safeguard in its employ even after Ally knew or should have known about Safeguards unfitness in making false claims that properties were abandoned.

**ANSWER:    Defendant denies the allegations in the above paragraph.**

146.    Safeguard's unfitness in making a false claim that the subject property was abandoned was foreseeable by Ally.

**ANSWER:    Defendant denies the allegations in the above paragraph.**

147.    Ally negligently retained Safeguard in its employ.

**ANSWER:    Defendant denies the allegations in the above paragraph.**

148.    Safeguard and/or its agents or employees claimed that the subject property was abandoned when it was in fact not abandoned.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

302800446v1 1014704

149.    Safeguard and/or its agents or employees had no reasonable cause to believe that the subject property was abandoned.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

150.    As a direct and proximate cause of Ally's negligent retention of Safeguard, Plaintiffs suffered damages, including as set forth above.

**ANSWER:    Defendant denies the allegations in the above paragraph.**

## COUNT VIII – FRAUDULENT MISREPRESENTATION
## AGAINST ALL DEFENDANTS

151.    Plaintiffs repeat, re-allege, and incorporate by reference all foregoing paragraphs as though fully stated herein.

**ANSWER:    Defendant restates and incorporates by reference its answers to Paragraphs 1 through 150 of Plaintiffs' Amended Complaint for its response to Paragraph 151.**

152.    A claim for fraudulent misrepresentation under Illinois law generally requires (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendants' intent that the statement induced the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff suffered damages as a result of relying on the statement. *See, e.g., Connick v. Suzuki Motor Co. Ltd.,* 174 Ill. 2d 482 (Ill. 1996).

**ANSWER:    Defendant denies the allegations in the above paragraph, except to state that Illinois law regarding fraudulent misrepresentation speaks for itself and is the best evidence of its contents.  Defendant denies any allegations that vary from or contradict its contents.  Defendant also denies it made any fraudulent misrepresentations and denies Plaintiffs have a valid claim against it for such.**

153.    Ally represented, through its agent Safeguard, that it had the legal right to dispossess Plaintiffs of the subject property and their personal property.

**ANSWER:    Defendant denies the allegations in the above paragraph.**

302800446v1 1014704

154.    By changing the locks, cutting of the utilities, and dispossessing Plaintiffs of the subject property and the person property contained therein, Defendants represented to Plaintiffs and to Plaintiffs' neighbors that Ally had a right to possess the subject property and remove Plaintiffs' personal property therefrom.

**ANSWER:    Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

155.    The foregoing representations were false representations of material fact.

**ANSWER:    Defendant denies the allegations in the above paragraph.**

156.    Defendants knew that the statements and/or representations were false.

**ANSWER:    Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

157.    Defendants intended that the false statements and/or representations would induce Plaintiffs not to enforce their rights to possession of the subject property.

**ANSWER:    Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

158.    Plaintiffs relied upon the truth of Defendants' false statements and/or representations.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

302800446v1 1014704

159.    Parsons was forced to move out of the subject property as a result of Defendants' false statements and/or representations.

**ANSWER:    Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

160.    As a direct and proximate result of Defendants' false statements and/or representations, Plaintiffs suffered damages, including as set forth above.

**ANSWER:    Defendant denies any allegations in the above paragraph directed towards it and specifically denies it caused Plaintiffs any damages.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

**COUNT IX – CIVIL CONSPIRACY AGAINST ALL DEFENDANTS**

161.    Plaintiffs repeat, re-allege, and incorporate by reference all foregoing paragraphs as though fully stated herein.

**ANSWER:    Defendant restates and incorporates by reference its answers to Paragraphs 1 through 160 of Plaintiffs' Amended Complaint for its response to Paragraph 161.**

162.    Ally entered into an express agreement with Safeguard for the provision of property preservation services.

**ANSWER:    Defendant denies the allegations in the above paragraph.**

163.    The existence of this agreement is demonstrated by Safeguard's overt actions. Safeguard would not have entered onto the subject property or Plaintiffs of their rights unless it had entered into an agreement with Ally to do so.

**ANSWER:    Defendant denies the allegations in the above paragraph.**

164.    These express agreements, industry standards, and course of conduct, implicated and included written agreements and unwritten or implied agreements to perform certain acts.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

165. The agreements, whether express or implied, call for Defendants to ignore the possessory rights of residents and occupants of real property in violation of the law, expedite the foreclosure process by circumventing the law, and profit from expedited foreclosures and the removal of valuable personal property.

**ANSWER:** **Defendant denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

166. Defendants' actions and self-help evictions are carried out with the intent to bully, intimidate, and buffalo consumers to abandon their legal possessory rights.

**ANSWER:** **Defendant denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

167. The contemplated acts of the conspirators include improper "vacancy" determinations, trespassing on the property, changing locks, restricting access, tampering with the utilities, and destruction or removal of personal property therein—all in violation of Illinois law and in direct contravention of existing statutory and case law prohibiting such conduct in Illinois.

**ANSWER:** **The allegations in the above paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

36

168.     Defendants knowingly and voluntarily participate in a common scheme to commit an unlawful act or a lawful act in an unlawful manner.

**ANSWER:     Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

169.     The agreements expressed among Defendants do not contemplate the legal method of gaining access to real property through compliance with the law. Rather, the obligations under the agreements require Defendants to violate Illinois law—including the IMFL, Forcible Entry and Detainer Act, and Illinois mandates for legal transfer of possession—through forcible and self-help evictions and repossessions.

**ANSWER:     Defendant denies any allegations in the above paragraph directed towards it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

170.     Plaintiffs suffered damages as a result of Defendants' misconduct, including as set forth above.

**ANSWER:     Defendant denies any allegations in the above paragraph directed towards it and specifically denies it caused Plaintiffs any damages.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

**COUNT X – FAIR DEBT COLLECTION PRACTICES ACT AGAINST SAFEGUARD**

171.     Plaintiffs repeat, re-allege, and incorporate by reference all foregoing paragraphs as though fully stated herein.

**ANSWER:     Plaintiffs do not direct their FDCPA towards Defendant.  Thus, Defendant is not required to respond to the above paragraph.  To the extent a response is**

302800446v1 1014704

**required, Defendant restates and incorporates by reference its answers to Paragraphs 1**

**through 170 of Plaintiffs' Amended Complaint for its response to Paragraph 171.**

172.    15 U.S.C. § 1692f of the FDCPA provides as follows:

Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest. . .

. . . (C) the property is exempt by law from such dispossession or disablement. . . .

**ANSWER:    Plaintiffs do not direct their FDCPA towards Defendant.    Thus,**

**Defendant is not required to respond to the above paragraph.    To the extent a response is**

**required, Defendant admits the above paragraph purports to cite a portion of the FDCPA**

**but denies the above paragraph accurately characterizes the FDCPA when taken as a**

**whole.    Answering further, Defendant denies the FDCPA applies here and denies that it**

**violated the FDCPA.**

173.    In accessing the subject property, writing a note demanding possession of the subject property, cutting the utilities to the subject property, physically intimidated and harassing Parsons, and locking Plaintiffs out of the subject property, Safeguard used unfair and unconscionable means to collect a debt and took non-judicial action to effect dispossession and disablement of property, in violation of 15 U.S.C. §§ 1692f and 1692f(6).

**ANSWER:    Plaintiffs do not direct their FDCPA towards Defendant.    Thus,**

**Defendant is not required to respond to the above paragraph.    To the extent a response is**

**required, Defendant lacks knowledge or information sufficient to form a belief as to the**

**truth of the allegations in the above paragraph and denies them on that basis.**

38

174.    When Safeguard took such action, neither Safeguard nor Ally had a present right to possession, and the subject property was exempt by law from such dispossession or disablement.

**ANSWER:    Plaintiffs do not direct their FDCPA towards Defendant.    Thus, Defendant is not required to respond to the above paragraph.  To the extent a response is required, Defendant denies any allegations in the above paragraph directed towards it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph directed towards Safeguard and denies those allegations on that basis.**

175.    15 U.S.C. § 1692d of the FDCPA provides as follows:

Harassment or abuse

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person…

**ANSWER:    Plaintiffs do not direct their FDCPA towards Defendant.    Thus, Defendant is not required to respond to the above paragraph.  To the extent a response is required, Defendant admits the above paragraph purports to cite a portion of the FDCPA but denies the above paragraph accurately characterizes the FDCPA when taken as a whole.  Answering further, Defendant denies the FDCPA applies here and denies that it violated the FDCPA.**

176.    Safeguard used criminal means to harm the reputation and property of Plaintiffs, in violation of 15 U.S.C. § 1692d(1) when it locked Plaintiffs out of the subject property and cut utility services to the subject property.

**ANSWER:** **Plaintiffs do not direct their FDCPA towards Defendant. Thus, Defendant is not required to respond to the above paragraph. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

177.    15 U.S.C. § 1692e of the FDCPA provides as follows:

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . (2) The false representation of—

(A) the character, amount, or legal status of any debt; or

. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

**ANSWER:** **Plaintiffs do not direct their FDCPA towards Defendant. Thus, Defendant is not required to respond to the above paragraph. To the extent a response is required, Defendant admits the above paragraph purports to cite a portion of the FDCPA but denies the above paragraph accurately characterizes the FDCPA when taken as a whole. Answering further, Defendant denies the FDCPA applies here and denies that it violated the FDCPA.**

178.    Safeguard falsely stated that subject property had been determined to be vacated or abandoned when it placed the door hanger on the subject property.

**ANSWER:** **Plaintiffs do not direct their FDCPA towards Defendant. Thus, Defendant is not required to respond to the above paragraph. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

302800446v1 1014704

179.    Safeguard falsely represented the legal status of the mortgage, and used a false representation and deceptive means, when it posted a note demanded that Plaintiffs were required to vacate the subject property.

**ANSWER:** **Plaintiffs do not direct their FDCPA towards Defendant. Thus, Defendant is not required to respond to the above paragraph. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

180.    Safeguard falsely represented the legal status of the subject mortgage when it locked Plaintiffs out of the subject property and cut off utility services to the subject property.

**ANSWER:** **Plaintiffs do not direct their FDCPA towards Defendant. Thus, Defendant is not required to respond to the above paragraph. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

181.    15 U.S.C. § 1692c of the FDCPA provides as follows:

Communication with the consumer generally

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer . . . .

**ANSWER:** **Plaintiffs do not direct their FDCPA towards Defendant. Thus, Defendant is not required to respond to the above paragraph. To the extent a response is required, Defendant admits the above paragraph purports to cite a portion of the FDCPA but denies the above paragraph accurately characterizes the FDCPA when taken as a**

whole.  **Answering further, Defendant denies the FDCPA applies here and denies that it violated the FDCPA.**

182.    Safeguard knew that Griffin was represented by an attorney, but communicated with her directly by posting a vacancy notice and a written demand to vacate the subject property.

**ANSWER:    Plaintiffs do not direct their FDCPA towards Defendant.  Thus, Defendant is not required to respond to the above paragraph.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

183.    Safeguard had knowledge of, or could have readily ascertained, the name and address of Griffin's attorneys.

**ANSWER:    Plaintiffs do not direct their FDCPA towards Defendant.  Thus, Defendant is not required to respond to the above paragraph.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

184.    Griffin's attorneys never failed to respond within a reasonable time to any communication from Safeguard, and did not consent to Safeguard communicating directly with Griffin.

**ANSWER:    Plaintiffs do not direct their FDCPA towards Defendant.  Thus, Defendant is not required to respond to the above paragraph.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.**

185.    As a result of Safeguard's violations of the FDCPA, Plaintiffs are entitled to an award of actual damages, statutory damages, costs and reasonable attorney's fees.

**ANSWER:    Plaintiffs do not direct their FDCPA towards Defendant.  Thus, Defendant is not required to respond to the above paragraph.  To the extent a response is**

302800446v1 1014704

required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph and denies them on that basis.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or unclean hands.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Defendant did not cause Plaintiffs' alleged harm. Plaintiffs' alleged harm was caused by the acts and/or omissions and/or negligence and/or intentional conduct of other parties in this case and/or other third-parties

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' own acts and/or omissions caused the harm they allegedly suffered or contributed to the harm they allegedly suffered.

### Fifth Affirmative Defense

Any alleged damages sustained by Plaintiffs must be reduced, diminished, and/or barred in proportion to the wrongful conduct of persons or entities other than Defendant, including Plaintiffs' own conduct, other parties to this case, and/or other third-parties, under the principles of equitable allocation, recoupment, setoff, proportionate responsibility, and/or comparative fault.

302800446v1 1014704

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Defendant owed no duty to Plaintiffs.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they lack standing.

### Reservation of Rights

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses at law or in equity that may now or in the future be available based on discovery or other factually investigation concerning this case.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and award it its attorneys' fees and costs in defending this action along with any other relief this Court deems just and equitable.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

*/s/ Joseph D. Kern*
Joseph D. Kern

David M. Schultz
Joseph D. Kern
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
jkern@hinshawlaw.com

44

302800446v1 1014704

## CERTIFICATE OF SERVICE

I, Joseph D. Kern, an attorney, certify that on November 30, 2018, caused to be served a copy of the foregoing **DEFENDANT ALLY BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT** by: depositing same in the U.S. Mail box at 151 North Franklin Street, Chicago, Illinois 60606, prior to 5:00 p.m., postage prepaid; messenger delivery; UPS; facsimile transmitted from (312) 704-3001; email; or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

☒ ECF
☐ Facsimile
☐ UPS
☐ U.S. Mail
☐ E-Mail
☐ Messenger Delivery

To:   All Parties of Record

/s/ Joseph D. Kern
Joseph D. Kern

45

302800446v1 1014704