IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA GRIFFIN, TONY PARSONS, and SANDY KLOSTER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 18 C 5755 |
| SAFEGUARD PROPERTIES MANAGEMENT, LLC; ALLY BANK; CENLAR FSB; KAYLA ENTERPRISES, LLC; ML PROPERTY INSPECTIONS, INC.; ALISSA LLC; MARIO LOPEZ; and MOHAMMAD AL ISSA, | ) ) ) ) ) ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Safeguard Properties, LLC has moved under Federal Rule 12(b)(6) to dismiss the claims of plaintiffs Laura Griffin, Tony Parsons, and Sandy Kloster for failure to state a claim. In considering the motion, the Court takes plaintiffs' factual allegations as true and assesses whether they have asserted a plausible basis for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Griffin purchased a home to use as her personal residence, using a loan from HSBC Mortgage that was secured by a mortgage of the home. HSBC assigned the loan and mortgage to Ally Bank. Griffin later rented the home to Tony Parsons and Sandy Kloster. However, Griffin fell behind on payments on the loan and defaulted. Ally Bank then retained Safeguard. Griffin alleges that Safeguard holds itself out as securing, preserving, and managing at-risk and foreclosed properties for mortgage lenders. She alleges that Safeguard regularly used the mail and telephone to

communicate with delinquent borrowers and to inform its clients (the lenders) about the condition of properties and the status of discussions with borrowers.

Safeguard posted a sign on Griffin's property stating, falsely, that it was abandoned, and it placed a locking device on the doors that prevented the plaintiffs from entering. The next day, Griffin's attorneys sent Safeguard a cease and desist letter stating that the property was, in fact, occupied. Safeguard thereafter placed on a note on the front door of the property in which it demanded that plaintiffs remove their personal property and vacate because there was a "new owner." It also terminated utility services. Griffin's attorneys sent Safeguard another letter, demanding that it cease its actions and restore utility services. Plaintiffs allege that Safeguard continued to keep them locked out and took and destroyed their property. Its representatives also allegedly confronted Parsons and intimidated him to get him to vacate. Parsons and Kloster eventually vacated out of feat for their safety.

Plaintiffs have sued Safeguard and Ally Bank, as well as others. They assert claims against Safeguard under the Fair Debt Collection Practices Act and the Illinois Consumer Fraud Act. Safeguard has moved to dismiss both claims.

A. <u>ICFA claim (Count 1)</u>

Safeguard alleges that plaintiffs do not meet the ICFA's definition of "consumers" and thus cannot maintain a claim under that statute. It relies on the ICFA's definition of a consumer as a "person who purchases or contracts for the purchase of merchandise nor for resale in the ordinary course of his trade or business but for his use or that for a member of his household." 815 ILCS 505/1(e). Safeguard argues that none of the plaintiffs purchased any merchandise (defined to include services, see *id*. 1(b)) from

Safeguard.

Section 2 of the ICFA declares unlawful "unfair . . . . practices . . . in the conduct of any trade or commerce," and section 1 in turn defines trade and commerce to include "the sale or distribution of any services." 815 ILCS 505/2, 1(f). Griffin purchased a mortgage loan for personal and not business use, and Parsons and Kloster contracted for residential property for their personal use. They did not purchase these services from Safeguard, but the statute, including the definition of "consumer," does not "require that privity exist between the purchaser and the provider" of the services. *Elder v. Coronet Ins. Co.*, 201 Ill. App. 3d 733, 750, 558 N.E.2d 1312, 1321 (1990). Thus they meet the statutory definition of a consumer.

The provision of the ICFA that authorizes suits for damages broadly permits "[a]ny person" who is damaged due to a violation of section by another person to file suit. *See id.* 10a(a). A claim may proceed under the ICFA if it satisfies the "consumer nexus test," which requires a court to consider whether the alleged conduct involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns. *See, e.g., Bank One Milwaukee v. Sanchez*, 337 Ill. App. 3d 319, 323, 783 N.E.3d 217, 221 (2003); *Brody v. Finch Univ. of Health Sciences/The Chicago Med. Sch.*, 298 Ill. App. 3d 146, 159, 698 N.E.2d 247, 268-69 (1998). The latter is true here, as Judge Joan Lefkow ruled in *Mighty v. Safeguard Properties Management, LLC*, N0. 16 C 10815, 2018 WL 3922130, at *4 (N.D. Ill. Sept. 7, 2017)—at least the Court cannot say otherwise at this stage of the case.

B.  FDCPA claim (count 10)

Safeguard contends that plaintiffs' FDCPA claim is deficient because they do not

adequately allege that Safeguard is a debt collector within the meaning of the statute. The Court disagrees. The statute defines a debt collector as including anyone who regularly collects or attempts to collect consumer debts, either directly or indirectly. *See* 15 U.S.C. § 1692a(6). And for purposes of claims under 15 U.S.C. § 1692f(6)—which is at least partly the basis for plaintiffs' FDCPA claim against Safeguard—a debt collector also includes anyone who uses the mail or instrumentalities of interstate commerce in a business the principal purpose of which is enforcement of security interests. *Id.* Plaintiffs' allegations regarding the nature of Safeguard's business and its conduct at issue in this case are sufficient to bring it within the statutory definition of a debt collector. *See, e.g., Fressola v. Safeguard Props., LLC*, No. 16 C 11005, slip op. at 6 (N.D. Ill. Aug. 2, 2017); *McKenney-Becker v. Safeguard Props., LLC*, No. 14 C 4514, 2015 WL 170520, at *5 (ND. Ill. Jan. 13, 2015); *Bywater v. Wells Fargo Bank, N.A.*, No. 13 C 4415, 2014 WL 1256103, at *15-16 (N.D. Ill. Mar. 24, 2014) (Kennelly, J.).

For these reasons, the Court denies Safeguard's motion to dismiss.

Date: July 19, 2019

                                                                                  MATTHEW F. KENNELLY
                                                                                 United States District Judge